# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC SHANNON HAYS,<br><br>               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 1:19-cv-00386 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

      This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 8).

      At a hearing on January 16, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830–31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

**I.      Whether the ALJ Erred in Failing to Address an Opinion by Dr. Flavan**

Plaintiff first challenges the decision of the Administrative Law Judge ("ALJ") on the ground that she failed to evaluate and weigh the opinion of a treating doctor, Dr. Flavan.

The relevant part of Dr. Flavan's opinion is as follows:

> The patient did bring up his distressed about a very long-standing student loan, from the 1980s. Apparently the loan was for about $1500 for an electrical course, and so far he has paid $4000-6000, with another 4000 still needed to pay it off. Since he has not been able to work for more than a few weeks a year for at least the last five years, and he still continues to be very uncomfortable around people, as well as be very distracted by the rather intractable auditory hallucinations, he should seek out loan forgiveness. He is disabled because of his mental illness.

(A.R. 732).

Although Plaintiff claims that "the ALJ's failure to acknowledge Dr. Flavan's opinion alone requires remand," (ECF. No. 14, at p. 8), this is incorrect. Although the ALJ did not use Dr. Flavan's name, she addressed the opinion as follows:

> A mental status examination on May 18, 2016 revealed auditory hallucinations as well as anxious but appropriate affect. However, the examination also showed

> appropriate appearance, calm motor activity, cooperative attitude, logical thought process, intact attention span, no memory deficits, and intact judgment and insight (Exhibit 16F, p. 7). While his psychiatrist noted he is disabled because of his mental illness, I gave this little weight as she also noted he presented as logical with fairly full affect, making his diagnosis "somewhat perplexing" (Exhibit 16F, pp. 5-6). Further, notes on June 2, 2016 showed the claimant denied help because he was able to control his symptoms with medications (Exhibit 16F, p. 2).

(A.R. 29).

The ALJ's summary of the record, is accurate. (A.R. 728 ("The client denies any help because he is able to control his symptoms with the medications."); A.R. 731 ("At this time he presents as logical and with fairly full affect, making the diagnosis somewhat perplexing."); A.R. 733). The ALJ's reasons are sufficiently specific and legitimate and supported by substantial evidence.

## II. Whether the ALJ Erred in Failing to Give Adequate Weight to Examining Doctor, Dr. Izzi

Plaintiff next challenges the weight given to the opinion of Dr. Izzi, an examining doctor.

Regarding Dr. Izzi's opinion, the ALJ stated:

> I gave partial weight to the opinion of Roger A. Izzi, Ph.D., who performed a consultative psychological evaluation on May 27, 2014. The claimant complained of hearing voices, chip implant in his head, cirrhosis and back pain. However, he reported he lived by himself, would go for short walks or read at times, and could do his household chores (Exhibit 3F, p. 1). In addition, the claimant denied psychiatric hospitalizations or consultation with mental health professionals (Exhibit 3F, p. 2). He reported depressed mood and dysphoric affect but reported no observation of hallucinations (*id.*). He reported the claimant had a full-scale I.Q. score of 80 with a verbal I.Q. score of 81, a performance I.Q. score of 84, a working-memory index score of 86, and a processing speed index of 84. He noted the claimant's scores placed him in the low average range of intelligence (Exhibit 3F, p. 3). He reported the claimant's scores on the Wechsler Memory Scale ranged from borderline to extremely low range but that his performance on the Trail-Making test revealed no impairment (Exhibit 3F, p. 4). He provided a diagnostic impression of bipolar disorder. He opined the claimant was limited to simple and repetitive tasks, moderately limited in getting along with peers or supervisors, and would be capable of responding to usual work situations regarding safety and attendance as well as dealing with routine changes in the work setting (Exhibit 3F, p. 4). His limitation of simple and repetitive tasks was consistent with the claimant's scores on the intelligence and memory scale. However, his social limitation was inconsistent with other examinations that

revealed findings such as cooperative behavior. Further, it is inconsistent with evidence that the claimant is able to get out in the community and do things such as use public transportation or go shopping, which demonstrates the ability to socially interact appropriately with others.

(A.R. 30).

The Court finds the ALJ's reasons sufficient under the circumstances. As an initial matter, Dr. Izzi made many findings supportive of the RFC such as "claimant does appear capable of performing a simple and repetitive type task on a consistent basis over an eight-hour period. . . . the claimant appears capable of responding to usual work session situations regarding attendance and safety issues. On a purely psychological basis, the claimant appears capable of dealing with changes in a routine work setting." (A.R. 370) The portion of Dr. Izzi's opinion rejected by the ALJ deals with a prediction as to what Plaintiff will be able to do over time, which is not something that Dr. Izzi could observe. As the ALJ noted, direct observations of Plaintiff in examinations revealed cooperative behavior, and his activities of daily living showed an appropriate level of social interaction.

### III. Whether the ALJ Erred in in Failing to Give Adequate Weight to Examining Doctor, Dr. Bonilla

Plaintiff next challenges the weight given to the opinion of Dr. Bonilla, an examining doctor. Regarding Dr. Bonilla, the ALJ stated:

> I gave little weight to the opinion of Pauline Bonilla, Psy.D., who performed a consultative psychological evaluation on March 20, 2015. The claimant reported a mental issue of schizophrenia (Exhibit 7F, p. 1). Notably, however, the claimant reported he stopped working because his employment was a seasonal employment and that he had applied for other positions. Further, the claimant reported he is able to complete his adaptive living skills, do light duty chores, occasionally engage in grocery shopping and run errands (Exhibit 7F, p. 4). The claimant also reported he enjoyed reading occasionally and riding his bicycle around town (Exhibit 7F, p. 4). He reported a history of substance abuse and reported he uses methadone from a clinic (Exhibit 7F, p. 3). He reported he has had mental health treatment since 2014 but denied inpatient hospitalization (Exhibit 7F, p. 2). Dr. Bonilla reported the mental status examination revealed some indications of possibly responding to internal stimuli but that he had cooperative behavior, pleasant attitude, good eye contact, fair hygiene and grooming, normal stream of mental activity, euthymic mood and no reports of suicidal ideation or plan (Exhibit 7F, p. 3). He reported the claimant was able to recall three of four digits backward

and two of three objects after five minutes but that he had intact remote memory and adequate fund of knowledge. He reported some difficulty with serial threes but that he was able to correctly state how many quarters were in $2.25 and that his concentration was within normal limits (Exhibit 7F, p. 4). Dr. Bonilla provided a diagnostic impression of substance-induced psychotic disorder, alcohol ause [sic], opioid abuse, cocaine abuse and amphetamine abuse in remission. She opined mild to moderate impairments in performing simple detailed tasks, moderate impairment in performing detailed tasks, mild impairment in accepting instructions from supervisors, mild to moderate impairment in interacting with coworkers and the public, mild impairment in sustaining an ordinary routine, mild to moderate impairment in maintaining regular attendance, moderate impairment in completing a normal workday/workweek without psychiatric interruptions (Exhibit 7F, p. 5). She opined moderate impairments in dealing with stress at work (Exhibit 7F, p. 5). However, Dr. Bonilla's limitations were inconsistent with her findings of cooperative behavior, good eye contact, euthymic mood, intact remote memory and normal concentration.

(A.R. 31).

The ALJ has correctly summarized the record, including Dr. Bonilla's observations of Plaintiff. Again, the portion of Dr. Bonilla's opinion that was rejected by the ALJ concerns predictions of what Plaintiff might do, not based on observations of Plaintiff at the examination. As the ALJ noted, Plaintiff showed cooperative behavior and many normal mental features during the examination. The ALJ's reasons were sufficiently specific and legitimate and supported by substantial evidence.

### IV. Conclusion

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 20, 2020**         /s/ Eric P. Groj
                                     UNITED STATES MAGISTRATE JUDGE